### THOMAS v. F. B. VANDEGRIFT & CO.

#### (Circuit Court, E. D. Pennsylvania. February 21, 1907.)

#### No. 48 (1,553).

CUSTOMS DUTIES—CLASSIFICATION—BOILER TUBES—FLUES—FURNACES.

    *Held*, that so-called arched Purves furnaces are not commercially known as furnaces, and that, therefore, they are not dutiable as such under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 152, 30 Stat. 163 [U. S. Comp. St. 1901, p. 1641], but under the provision in the same paragraph for boiler tubes or flues.

    [Ed. Note.—Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.]

On Application for Review of a Decision of the Board of United States General Appraisers.

These proceedings were brought in the name of C. Wesley Thomas, collector of customs at the port of Philadelphia, to secure a review of a decision of the Board of General Appraisers, which had reversed the collector's assessment of duty on certain imported articles. These articles were invoiced as "arched Purves furnaces." The importers contended that they had been improperly classified under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 152, 30 Stat. 163 [U. S. Comp. St. 1901, p. 1641], as "welded cylindrical furnaces, made from plate metal," and that they should have been classified under the further

provision in the same paragraph for "lap welded, butt welded, seamed, or jointed iron or steel boiler tubes, pipes, flues, or stays." The board found that the articles were not furnaces, but tubes used in making furnaces, and sustained the importers' contention.

Jasper Yeates Brinton, Asst. U. S. Atty. (J. Whitaker Thompson, U. S. Atty., on the brief), for collector.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

HOLLAND, District Judge. In 1892 this same article of importation was before the district court in Delaware county, in the state of Delaware, in this circuit, and it was then held:

"So far as inventors, manufacturers, and importers can fix the designation of an article under the revenue laws, it has been done in the present case through letters patent, invoices, and advertisements. An English patent, No. 3,722, dated March 23, 1885, was issued to David Purves for 'a new and useful improvement in boiler flues,' and he subsequently obtained letters patent for the same invention from the United States, No. 372,487, dated November 1, 1887. This flue has acquired a high reputation among scientific writers and practical steam engineers, and is known as 'Purves' ribbed flue,' as 'Purves' ribbed furnaces,' and as 'Purves' ribbed boiler flue.' " In re Whitney (C. C.) 53 Fed. 237.

In that case the classification assigned to the imported article was under the unenumerated iron and steel clause of the act of October 1, 1890, and duties assessed under the provisions of paragraph 215, Schedule C, § 1, c. 1244, 26 Stat. 582. The importer protested against this classification, insisting that the article was not a furnace, but was a "Purves' ribbed boiler flue," and the District Court sustained the decision of the board in this view. Since that time there has been other legislation, and it is true that under Act July 24, 1897, c. 11, par. 152, § 1, Schedule C, 30 Stat. 163 [U. S. Comp. St. 1901, p. 1641], "welded cylindrical furnaces made from plate metal" are dutiable at two and one-half cents per pound. But at the time this legislation was enacted this article of importation was not, by a definite, uniform, and general usage, commercially designated as a furnace. 1 Fed. St. Ann. C. When first made, they were known as "flues," and then as "flues or furnaces," and are becoming more and more referred to as "furnaces," but they are still known in the trade, to some extent, as "flues."

In view of the fact that the court has passed upon this question and the article is known by both terms in the trade, and the further fact that the Board of General Appraisers has uniformly required the articles imported to be classified as flues when the matter was before them, we are not convinced that the government in this case has established that the commercial name of this article is a furnace.

The decision of the Board of General Appraisers is affirmed.